UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-23307-CIV-GOODMAN
[CONSENT CASE]

AUSTIN BELANGER, on behalf of
himself and all others similarly situated,

      Plaintiff,

vs.

ROUNDPOINT MORTGAGE
SERVICING CORPORATION, *et al.*,

      Defendants.

_____/

## ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

The Claims of Settling Plaintiff Austin Belanger, on behalf of himself and all RoundPoint Settlement Class Members, against Defendant RoundPoint Mortgage Servicing Corporation; Defendant Great American E&S Insurance Company; and Defendant Willis of Ohio, Inc., f/d/b/a Loan Protector Insurance Services have been settled pursuant to the Stipulation and Settlement Agreement dated September 6, 2018 (the "Settlement Agreement"). On October 12, 2018, the Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and provisionally certified the RoundPoint Settlement Class for settlement purposes

only. [ECF Nos. 107; 109].

On March 14, 2019, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether Judgment should be entered dismissing the Settling Plaintiff's claims on the merits and with prejudice, including the claims of RoundPoint Settlement Class Members; and (3) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel and a Case Contribution Award to the Settling Plaintiff. [ECF No. 119].

The Court grants Final Approval to the Settlement Agreement. As this Court has noted in granting final approval to several other nationwide lender-placed insurance ("LPI") class-action settlements, plaintiffs in such cases face significant challenges. *See Strickland v. Carrington Mortgage Services, LLC*, No. 1:16-cv-25237 (S.D. Fla. January 26, 2018), ECF Nos. 78–80; *Montoya v. PNC Bank, N.A.*, No. 1:14-cv-20474 (S.D. Fla. April 13, 2016), ECF No. 271; *Braynen v. Nationstar Mortgage, LLC*, No. 1:14-cv-20726 (S.D. Fla. November 9, 2015), ECF No. 125; *Lee v. Ocwen Loan Servicing LLC*, No. 0:14-cv-60649 (S.D. Fla. Sept. 14, 2015), ECF No. 184.

Among these challenges is an array of adverse legal rulings, including this Court's decision in *Fowler v. Caliber Home Loans, Inc.*, No. 1:15-cv-24542 (S.D. Fla. September 13, 2016), ECF No. 91, in which this Court held that the plaintiff's claims arising out of LPI rates were barred by the filed-rate doctrine. The Eleventh Circuit subsequently affirmed

this Court's opinion in *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314 (11th Cir. 2018), *petition for rehearing en banc denied* (11th Cir. Jan. 17, 2019). Even though district courts in other Circuits may have ruled differently in other cases,[1] in light of the *Patel* decision, plaintiffs in LPI cases face significant obstacles in this Circuit. The results reached in the settlement for the Settlement Class Members (described in greater detail below) are, therefore, much better than the results that Settlement Class Members are likely to obtain on their own absent a settlement, which strongly supports approval of this Settlement.

Therefore, the Court **orders** as follows:

1. The terms and conditions in the Settlement Agreement [ECF No. 102-1] are incorporated here as though fully set forth in this Judgment, and unless otherwise indicated, capitalized terms in this Judgment shall have the meanings attributed to them in the Settlement Agreement.

2. The Court has personal jurisdiction over Settling Plaintiff, RoundPoint, Willis of Ohio, Great American, and RoundPoint Settlement Class Members; venue is proper; the Court has subject-matter jurisdiction to approve the Settlement Agreement, including all exhibits attached to it; and the Court has jurisdiction to enter this Judgment.

---

[1]     *See Burroughs v. PHH Mortg. Corp.*, No. 15-6122 (NLH/KMW), 2016 WL 1389934, at *4–5 (D.N.J. Apr. 8, 2016*); Santos v. Carrington Mortg. Servs., LLC*, No. 2:15-CV-864 WHW-CLW, 2015 WL 4162443, at *2–3 (D.N.J. July 8, 2015); *see also Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1336 (11th Cir. 2018) (Jordan, J., dissenting) ("The majority ignores this theory at the heart of the homeowners' case.").

3

Without affecting in any way the finality of this Judgment, the Court retains jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Judgment, and for any other necessary purpose, including, but not limited to, enforcement of the Releases contained in the Settlement Agreement (revised as set forth in the Motion for Final Approval of Settlement [ECF No. 117]) and entry of such further orders as may be necessary or appropriate in administering and implementing the Settlement's terms and provisions.

3.     The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this Litigation and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in mediation and extensive negotiations. Counsel for the Parties were therefore well-positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4.     The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b) have been satisfied for settlement purposes for each RoundPoint Settlement Class Member in that: (a) the number of RoundPoint Settlement Class Members is so numerous that joinder of all its members is impracticable; (b) there are questions of law and fact common to the RoundPoint Settlement Class; (c) the claims of Settling Plaintiff are typical of the claims of the RoundPoint Settlement Class Members

4

he seeks to represent; (d) Settling Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the RoundPoint Settlement Class Members for purposes of the Settlement; (e) the questions of law and fact common to RoundPoint Settlement Class Members predominate over any questions affecting any individual RoundPoint Settlement Class Member; (f) the RoundPoint Settlement Class is reasonably ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Accordingly, and following Rule 23, this Court finally certifies the RoundPoint Settlement Class for settlement purposes.

5.     In accordance with Rule 23, the Court finally certifies the RoundPoint Settlement Class for settlement purposes only, as identified in the Settlement Agreement, which shall consist of the following:

> All borrowers with mortgage loans secured by property in the United States who, within the Settlement Class Period (as defined below), were charged by RoundPoint under an LPI Policy for Residential Property, and who, within the Settlement Class Period, either (i) paid to RoundPoint the Net Premium for that LPI Policy or (ii) did not pay to and still owe RoundPoint the Net Premium for that LPI Policy. Excluded from the Class are: (i) individuals who are or were during the Settlement Class Period officers or directors of any Defendant in the Litigation or any of their respective Affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers whose LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower's escrow account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Settlement Class.

> The Settlement Class Period shall commence on November 1, 2012, and shall continue through and including October 12, 2018, the date of Preliminary Approval.

6.     The Court finally designates The Moskowitz Law Firm, PLLC and Harke Law LLP as Class Counsel for the RoundPoint Settlement Class.

7.     The Court finally designates Settling Plaintiff Austin Belanger as the RoundPoint Settlement Class representative.

8.     The Court makes the following findings with respect to Class Notice to the RoundPoint Settlement Class:

8.1.     The Court finds that the distribution or publication of the Publication Notice, the Mail Notice, Claim Form, Claim Form Instructions, Internet advertising, and the creation of the Settlement Website and an interactive voice recording ("IVR") toll-free telephone number system, all as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted the best practicable notice under the circumstances that was reasonably calculated, under the circumstances, to apprise Noticed Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with the requirements of Rule 23, the United States Constitution, the Rules of this Court, and any other applicable law.

8.2.     Class Counsel has filed with the Court a declaration from Jennifer M. Keough, Chief Executive Officer at JND Legal Administration, the independent third-party Settlement Administrator for the Settlement, establishing that the Mail Notice,

Claim Form, and Claim Form Instructions were mailed to Noticed Class Members on December 12, 2018; the Settlement Website and IVR toll-free telephone number system were established on December 12, 2018; internet advertising was published beginning December 14, 2018; and the Publication Notice was published on January 7, 2019. Adequate Class Notice was given to the Noticed Class Members in compliance with the Settlement Agreement and the Preliminary Approval Order.

9.     Persons who wished to be excluded from the RoundPoint Settlement Class were provided an opportunity to request exclusion as described in the Mail Notice and the Settlement Website. The Court finds that the individual interests of the 11 persons who timely sought exclusion from the RoundPoint Settlement Class are preserved and that no person was precluded from being excluded from the RoundPoint Settlement Class if he or she so desired. Those persons who timely and properly excluded themselves from the RoundPoint Settlement Class are identified in the attached Exhibit 1.

10.     RoundPoint, Willis of Ohio, and Great American have complied with all notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, *et seq.*, in connection with the proposed Settlement.

11.     The Court finds that there was not a single objection to the Settlement, which further establishes that the proposed Settlement is fair, reasonable, adequate, and should be approved.

12.     By failing to timely file and serve an objection in writing to the Settlement

Agreement; to the entry of this Judgment; to Class Counsel's application for fees, costs, and expenses; or to the Case Contribution Award to the Settling Plaintiff, in accordance with the procedure set forth in the Mail Notice and mandated in the Preliminary Approval Order, RoundPoint Settlement Class Members are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

13.     The Settlement Agreement's terms and provisions, including all exhibits attached to it, have been entered into in good faith and, per Rule 23(e), are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, RoundPoint Settlement Class Members. The Court enters judgment approving and adopting the Settlement and the Settlement Agreement, fully and finally terminating all Released Claims of all Releasing Persons in this Litigation against the Released Parties, on the merits and with prejudice.

14.     In accordance with Rule 23(h), the Court awards Class Counsel attorneys' fees and expenses in the amount of $406,865, payable by Defendants per the terms of the Settlement Agreement. The Court also awards a Case Contribution Award in the amount of $5,000 to Settling Plaintiff Austin Belanger, payable by Defendants per the terms of the Settlement Agreement. Defendants shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

15.     The terms of the Settlement Agreement, including all its Exhibits, and of

this Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in and on, all claims and pending and future lawsuits maintained by Settling Plaintiff and/or each RoundPoint Settlement Class Member, as well as each of their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and all other Releasing Persons.

16.     The Releases, which are set forth in Section 10 of the Settlement Agreement (revised as set forth in the Motion for Final Approval of Settlement [ECF No. 117]), are expressly incorporated here in all respects and are effective as of the entry of this Judgment. Each of the Released Parties is forever released, relinquished, and discharged by each Releasing Person, including all RoundPoint Settlement Class Members, from all Released Claims (as that term is defined below and in the Settlement Agreement).

16.1.   Although the definitions in the Settlement Agreement are incorporated in and are part of this Judgment, for avoidance of doubt and ease of reference, some of those definitions are repeated as follows:

a.      "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity directly or

indirectly through one or more intermediaries. The term "control" means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of an entity, whether through the ownership of voting securities, by contract or otherwise, and the terms "controlled" and "controlling" have meanings correlative thereto.

        b.    "Effective Date" means the first business day after this Judgment becomes Final. If no appeal is taken from this Judgment, then the Effective Date means the date on which the time to appeal has expired. If any appeal is taken from this Judgment, then the Effective Date means the date on which that appeal, motion for reargument, motion for rehearing, petition for a writ of certiorari or other writ ("Review Proceeding") has been finally disposed of with no further right of review and in a manner that affirms this Judgment without material modification and renders this Judgment Final.

        c.    "Final" means, with respect to any judicial ruling or order, an order that is final for purposes of 28 U.S.C. § 1291 and: (a) the time has expired to file a Review Proceeding with respect to such judicial ruling or order with no such Review Proceeding having been filed; or (b) if a Review Proceeding has been filed with respect to such judicial ruling or order, then (i) the judicial ruling or order has been affirmed without modification and with no further right of review, or (ii) such Review Proceeding has been denied or dismissed with no further right of review.

d.      "Lender-Placed Insurance" or "LPI" means the placement of hazard, flood, flood-gap, or wind-only insurance pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by RoundPoint, and/or any person or entity acting for or on RoundPoint's behalf, to cover a borrower's failure to maintain the required insurance coverage on the Residential Property securing the loan.

e.      "LPI Policy" means (1) a lender-placed residential hazard, flood, flood-gap or wind-only insurance policy or policies issued by Great American; (2) procured by Willis of Ohio on behalf of RoundPoint; and (3) placed pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by RoundPoint to cover a borrower's failure to maintain the required insurance coverage on the Residential Property securing the loan.

f.      "Released Parties" means RoundPoint; Willis of Ohio; Loan Protector Insurance Services; LP Insurance Services, LLC; Great American; and all of their respective past and present, direct and indirect, divisions, parents, subsidiaries, parent companies, and Affiliates with respect to the period of time such Affiliates were controlled by, or under common control with, a Released Party, including but not limited to any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, shareholders, insurers, and attorneys of all such entities.

g.      "Releasing Persons" means Settling Plaintiff, all RoundPoint Settlement Class Members, and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

16.2.    Each Releasing Person shall, by operation of this Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Parties from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorneys' fees and costs, liens, judgments, and demands of any kind whatsoever that each Releasing Person has or may have had until the close of the Settlement Class Period, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, at law or in equity, that were or could have been sought or alleged in the Litigation that relate to, concern, arise from, or pertain in any way to the LPI Policies, including the Released Parties' acts, omissions, policies, or practices

concerning RoundPoint's placement of LPI Policies and its related conduct, Willis of Ohio's procuring of LPI Policies on behalf of RoundPoint and its related conduct, or Great American's issuance of LPI Policies and its related conduct, or disclosure or nondisclosure of charges related to LPI premiums during the Settlement Class Period, allegedly inflated premiums charged by Defendants for LPI, alleged "kickbacks" RoundPoint received or Great American or Willis of Ohio paid in connection with the RoundPoint LPI program (including but not limited to alleged no or low-cost loan monitoring or tracking services), including acts, omissions, policies or practices concerning LPI Policies or charges for placement of LPI Policies under the RoundPoint LPI program during the Settlement Class Period. This Settlement Agreement is expressly conditioned upon the Judgment entered in connection with this Litigation containing a provision permanently barring and enjoining all RoundPoint Settlement Class Members (including Settlement Class Members who never received the Mail Notice of the Settlement and who did not otherwise have knowledge of the Settlement) from filing, commencing, prosecuting, maintaining (including claims or actions already brought), intervening in, or participating in (as class members, individuals or otherwise) any action in any jurisdiction against any Released Party based on, arising from or relating to any Released Claim accruing on or before the close of the Settlement Class Period.

16.2.1. Released Claims shall include any and all claims and causes of action arising out of or related to the Litigation; the facts and circumstances that were

or could have been alleged in the Litigation; the placement of LPI; all fees, costs, and services associated with the tracking or placement of LPI; all disclosures or nondisclosures relating to LPI; and the assessment and collections of charges for LPI. Released Claims also include all claims related to RoundPoint's insurance requirements; the relationship, whether contractual or otherwise, between and among RoundPoint or the other Defendants regarding LPI, including the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged for by RoundPoint or the other Defendants; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged for by RoundPoint or the other Defendants; any alleged "tying" arrangement or alleged "below market services" involving RoundPoint or the other Defendants and LPI; any alleged breach of fiduciary duty by RoundPoint or the other Defendants concerning LPI Policies; any alleged tortious interference by Defendants with mortgage loans serviced by RoundPoint; the disclosure or non-disclosure of any payment, expenses, fees, charges, or features pertaining to or under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by RoundPoint or the other Defendants; the receipt or non-disclosure of any benefit related to any LPI Policies or coverage under such LPI Policies and/or charges for such coverage placed or charged by RoundPoint or the other Defendants; the content, manner, or

accuracy of any communications regarding the placement of any LPI Policies by RoundPoint or the other Defendants; and to the regulatory approval or non-approval of any LPI Policy, or the premium thereon, placed or charged by RoundPoint. Released Claims shall include all such claims accruing on or before the close of the Settlement Class Period, whether such claims are known or unknown, suspected or unsuspected, contingent or matured.

  16.3. In agreeing to the foregoing Releases, Settling Plaintiff, for himself and on behalf of RoundPoint Settlement Class Members, shall be deemed to have acknowledged that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity. Settling Plaintiff or any RoundPoint Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims or the law applicable to such claims may change. Nonetheless, Settling Plaintiff and each RoundPoint Settlement Class Member shall be deemed to have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent, claims with respect to all Released Claims. Further, Settling Plaintiff and each RoundPoint Settlement Class Member shall be bound by this Agreement, including by the Releases, and all of their claims in the Litigation asserted against Defendants shall be dismissed with prejudice and released, without regard to

subsequent discovery of different or additional facts or subsequent changes in the law, and regardless of whether unknown losses or claims exist or whether present losses may have been underestimated in amount or severity, and even if they never received the Mail Notice of the Settlement, did not otherwise have knowledge of the Settlement, or never received Claim Settlement Relief. The Settling Parties shall be deemed to have acknowledged that the foregoing Releases were bargained for and are a material element of the Settlement Agreement.

16.4.   In connection with the foregoing Releases, the Settling Plaintiff and each RoundPoint Settlement Class Member shall be deemed, as of the entry of this Judgment, to have waived any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

To the extent that anyone might argue that these principles of law are applicable -- notwithstanding that the Settling Parties have chosen Florida law to govern this Settlement Agreement -- the Settling Plaintiff and each RoundPoint Settlement Class Member shall be deemed to have knowingly and voluntarily waived, relinquished, and released the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they may be found to be applicable. The Settling

16

Plaintiff and each RoundPoint Settlement Class Member shall further be deemed to have recognized, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless have agreed that, upon entry of this Judgment, they have fully, finally, and forever settled and released any and all Released Claims covered by these Releases.

16.5.   Released Claims do not apply to new claims arising after the close of the Settlement Class Period based on conduct that took place after the close of the Settlement Period, or to insurance claims for physical damage or losses to Residential Properties insured under any LPI Policy placed by RoundPoint ("Post Settlement Claims"). Nothing in Section 16.2 shall be deemed a release of any RoundPoint Settlement Class Member's respective rights and obligations for such Post Settlement Claims. Further, and not in limitation of the scope of Released Claims or the definition of Released Parties, nothing in Section 16.2 shall be deemed a release of claims by borrowers who were charged for LPI that was purchased by mortgage servicers other than RoundPoint.

16.6.   Except to the extent that any such obligation is released pursuant to Section 16.2, this Judgment shall not release Defendants from any existing obligation to any RoundPoint Settlement Class Member under any loan, note, mortgage, or deed of trust. The foregoing is not intended to and does not limit the scope of Released Claims in Section 16.2 or Section 10 of the Settlement Agreement.

16.7.   Settling Plaintiff and Class Counsel have represented and warranted

17

that there are no outstanding liens or claims against the Litigation, and Settling Plaintiff and Class Counsel will be solely responsible for satisfying any liens or claims asserted against the Litigation.

16.8.   Settling Plaintiff and each RoundPoint Settlement Class Member shall be deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Settlement Agreement.

16.9.   The Releases do not affect the rights of Noticed Class Members who timely and properly submitted a Request for Exclusion.

16.10.   The Settlement Agreement shall be the exclusive remedy for all RoundPoint Settlement Class Members with regard to the Released Claims.

17.   Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to in it, nor this Judgment, nor any of its terms and provisions shall be:

17.1.   Offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation regarding the RoundPoint LPI program or in any litigation against any Released Party, or other judicial or administrative proceeding, or the deficiency of any defense that has been or

could have been asserted in the Litigation regarding the RoundPoint LPI program or in any litigation against any Released Party, or of any liability, negligence, fault or wrongdoing of any Released Party;

17.2.    Offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or of any other wrongdoing by any of the Released Parties;

17.3.    Offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, breach, fault, omission, or wrongdoing in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

17.4.    Offered or received in evidence in any action or proceeding against any of the Released Parties in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating to it), including the Releases or this Judgment.

18.    In the event that the Effective Date does not occur, this Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Parties will be restored to their positions as of July 22, 2018.

19.     This Judgment and the Settlement Agreement (including its Exhibits) may be filed in any action against or by any Released Party in order to support any argument, defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

20.     Settling Plaintiff and all RoundPoint Settlement Class Members and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, have released the Released Claims as against the Released Parties, and are, from this day forward, permanently barred and enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining (including claims or actions already filed), intervening in, defending, or participating in (as parties, class members or otherwise) any action in any jurisdiction before any court or tribunal based on, arising from, or relating to any of the Released Claims or the facts and circumstances relating thereto, against any of the Released Parties; or (b) organizing any RoundPoint Settlement Class Members, or soliciting the participation of any RoundPoint Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include

class allegations, or seeking class certification in a pending action) in any jurisdiction before any court or tribunal based on or relating to any of the Released Claims or the facts and circumstances relating thereto. Any person in violation of this injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction. The foregoing injunction is issued in order to protect the continuing jurisdiction of the Court and to effectuate and implement the Settlement Agreement and this Judgment.

21.     RoundPoint Settlement Class Members shall promptly dismiss with prejudice all claims, actions, or proceedings that have been brought by any RoundPoint Settlement Class Member in any jurisdiction that are based on Released Claims pursuant to the Settlement Agreement and this Judgment, and that are enjoined pursuant to this Judgment.

22.     The claims of Settling Plaintiff Austin Belanger, individually and on behalf of the RoundPoint Settlement Class, including all individual claims and class claims presented here, are dismissed on the merits and with prejudice against RoundPoint, Willis of Ohio, and Great American without fees (including attorneys' fees) or costs to any party except as otherwise provided in this Judgment.

23.     Settling Parties are directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by Orders of this Court. Without further order of the Court, Settling Parties may agree to reasonably necessary

extensions of time to carry out any of the provisions of the Settlement Agreement, as may be modified by the Preliminary Approval Order or this Judgment.

24.     In accordance with Rule 54(b), the Court enters Judgment as set forth above and determines that there is no just reason for delay. Without impacting the finality of this Judgment, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement and this Judgment, including jurisdiction to enter such further orders as may be necessary or appropriate.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 28, 2019.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to**</u>:
All counsel of record